FILED
CLERK, U.S. DISTRICT COURT
5/3/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: _____VAM_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 2:22-cr-00183-PA |
| Plaintiff, | I N F O R M A T I O N |
| v. | [15 U.S.C. §§ 78j(b), 78ff and 17 C.F.R. § 240.10b-5: Securities Fraud; 18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| MATTHEW SKINNER, | |
| Defendant. | |

The United States Attorney charges:

[15 U.S.C. §§ 78j(b), 78ff and 17 C.F.R. § 240.10b-5]

A. INTRODUCTORY ALLEGATIONS

At times relevant to this Information:

1. Defendant MATTHEW SKINNER was a resident of Santa Clarita, California.

2. Defendant SKINNER founded Empire West Equity, Inc. ("Empire West") in 2014 for the purpose of investing in real estate. Empire West was a California corporation with its principal place of business in Santa Clarita, California. Defendant SKINNER was the owner and manager of Empire West and exerted complete managerial

control over Empire West, which he operated as a parent company that conducted the day-to-day operations of his real estate business.

3. Defendant SKINNER owned and controlled various shell corporations that were incorporated and had associated bank accounts but did not have separate offices, employees, or any other expenses or revenues (the "SKINNER-owned companies").

4. Defendant SKINNER raised investment funds for Empire West by selling "coupon bonds," which he also sometimes referred to as "notes," through the SKINNER-owned companies. The coupon bonds entitled the bondholders to interest payments accruing on the coupon bonds, paid quarterly, and repayment of the principal when the coupon bond matured. Each coupon bond accrued interest at a specified rate of return that depended on the length of maturity. The coupon bonds issued by the SKINNER-owned companies constituted "securities" under the Securities Exchange Act of 1934.

5. One of the SKINNER-owned companies that issued coupon bonds was Simple Growth, LLC ("Simple Growth"), which defendant SKINNER founded in 2017. Simple Growth was a Delaware limited liability company with its principal place of business in Santa Clarita, California. Defendant SKINNER was the owner and manager of Simple Growth and exerted complete managerial control over Simple Growth.

6. Defendant SKINNER exercised sole control over a JP Morgan Chase Bank account in the name of Simple Growth (the "Simple Growth Account") in Valencia, California, within the Central District of California.

B. THE SCHEME TO DEFRAUD SIMPLE GROWTH INVESTORS

7. Beginning no later than in or about July 2018, and continuing through at least in or about December 2020, in Los Angeles

County, within the Central District of California, and elsewhere, defendant SKINNER, knowingly and willfully, directly and indirectly, by the use of the means and instrumentalities of interstate commerce and the mails, in connection with the purchase and sale of Simple Growth coupon bonds, used and employed manipulative and deceptive devices and contrivances by: (1) employing a scheme to defraud; (2) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (3) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon purchasers and prospective purchasers of Simple Growth coupon bonds (the "victims"), by causing materially false and fraudulent statements and material omissions to be made to the victims about the use of the funds raised by the Simple Growth coupon bonds sold to the victims.

8.    The scheme to defraud operated, in substance, as follows:

a.    Defendant SKINNER marketed Simple Growth coupon bonds to the victims as "high-yield real estate investment bond[s]." To persuade victims to purchase Simple Growth bonds, defendant SKINNER provided them with a brochure that falsely stated that "[t]he funds are used to acquire apartment projects, renovate, make deposits on land and assets." In truth, defendant SKINNER did not invest funds raised from the sale of Simple Growth coupon bonds in any real estate projects. Instead, he used the funds on a combination of personal expenses, Empire West business expenses, expenses to fund his marketing and fundraising efforts, and interest payments to Simple Growth coupon bond holders.

    b. The brochure defendant SKINNER provided investors also falsely represented that "[t]he funds are also diversified, so all your eggs will never be [in] one basket, and are secured by the tens of millions in equity, and cash flow that the company already owns." In truth, Simple Growth did not in fact own tens of millions of dollars in equity or cash flow at any point at the time defendant SKINNER marketed Simple Growth coupon bonds.

    c. To further induce victims to purchase Simple Growth coupon bonds, defendant SKINNER also distributed to victims a Private Placement Memorandum ("PPM") that falsely represented that Simple Growth "intends to utilize the proceeds raised in this Offering towards short term loans to affiliated and non-affiliated parties involved in real estate investment seeking loans for the short-term for their respective real estate projects. The Company may use some of the proceeds as deposits to secure real estate properties as well as making short-term investments." In truth, Simple Growth did not invest any of the funds raised through the sale of coupon bonds in short-term loans or to secure any real estate project or property.

    d. To create the misimpression that their investments were safe, defendant SKINNER also represented, through the PPM, that Empire West had "agreed to guarantee the repayment of the Notes." In doing so, defendant SKINNER concealed from the victims the fact that Empire West was not solvent, and its primary bank account had a balance of $7,987 on July 31, 2018.

    e. Between July 2018 and June 2020, defendant SKINNER persuaded investors from insolvent projects in the SKINNER-owned companies to "roll over" their investments into Simple Growth bonds by falsely representing that the projects had been profitable.

4

9.   In executing the fraudulent scheme described above, defendant SKINNER, operating through Simple Growth, caused the victims losses of approximately $1,744,946.

C.   EXECUTION OF THE FRAUDULENT SCHEME

10.   On or about October 30, 2018, within the Central District of California, and elsewhere, for the purpose of executing the above-described scheme to defraud, and in furtherance of the manipulative and deceptive devices described above, defendant SKINNER caused the use of an instrumentality of interstate commerce in connection with the purchase and sale of securities, namely, the transfer of approximately $100,000 from a bank account controlled by Victim R.J. in the State of Florida, by means of interstate wires, to the Simple Growth Account.

FORFEITURE ALLEGATION

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1.  Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of defendant SKINNER's conviction of the offense set forth in this Information.

2.  Defendant SKINNER, if so convicted, shall forfeit to the United States of America the following:

    (a)  All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offense; and

    (b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), defendant SKINNER, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

KRISTEN A. WILLIAMS
Assistant United States Attorney
Acting Chief, Major Frauds Section

ALEXANDER B. SCHWAB
Assistant United States Attorney
Deputy Chief, Major Frauds Section

JEFF MITCHELL
Assistant United States Attorney
Major Frauds Section